IN THE CIRCUIT COURT OF HEMPSTEAD COUNTY, ARKANSAS
CIVIL DIVISION

MARGARITA TORRES                               PLAINTIFF

VS.                 NO. 29CV-20-104-2

JERRY HUNT and STOCKSTILL TRUCKING, INC.       DEFENDANTS

## COMPLAINT

COMES NOW the Plaintiff, Margarita Torres, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against Defendant Jerry Hunt and Defendant Stockstill Trucking, Inc. (collectively "Defendants"), states and alleges the following:

### I. RESIDENCY & PARTIES

1. Plaintiff Margarita Torres ("Torres") was at all times relevant a citizen and resident of Hope, Hempstead County, Arkansas.

2. Defendant Jerry Hunt ("Hunt") was at all times relevant a resident of Foxworth, Marion County, Mississippi.

3. Defendant Stockstill Trucking, Inc. ("Stockstill") was at all times relevant a foreign for profit corporation licensed to do business in the State of Mississippi. Defendant Stockstill's principal address is 158 Central Industrial Row, Purvis, Mississippi 39475, and its registered agent for service of process is Owen Stockstill at 580 Prospres Ridge, Columbia, Mississippi 39429.

4. The incident giving rise to this cause of action occurred on Hwy 278 at the intersection of Shover Road and Bill Clinton Drive, Hope, Hempstead County, Arkansas 71801.

### II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the



EXHIBIT A

redress of civil grievances except where exclusive jurisdiction is given to other courts.

6. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

### III. BASIC PREMISE

7. This is a negligence case which arises from a motor vehicle collision that occurred on January 30, 2020, on Hwy 278 at the intersection of Shover Road and Bill Clinton Drive, Hope, Hempstead County, Arkansas 71801.

### IV. FACTS

8. On or about January 30, 2020, at approximately 4:11 p.m., Plaintiff was a passenger in a 2010 Toyota Camry being driven by Maria De La Rosa.

9. The vehicle in which Plaintiff was a passenger was being driven northbound on Bill Clinton Drive approaching its intersection with Shover Road.

10. Plaintiff and her driver intended to travel straight across Shover Road and continue northbound on Bill Clinton Drive.

11. At the same time, Defendant Hunt was driving a 2012 Kenworth tractor-trailer owed by Defendant Stockstill.

12. At the time of the collision, Defendant Hunt was in the course and scope of his employment with Defendant Stockstill.

13. Prior to the collision, Defendant Hunt was traveling southbound on Bill Clinton Drive approaching its intersection with Shover Road.

14. Suddenly and without warning, Defendant Hunt made a left turn onto Shover Road at the same time Plaintiff and her driver were entering the intersection.

15. Plaintiff's driver was unable to avoid the collision and struck Defendant Hunt's tractor-trailer on the passenger side fuel tank as Defendant Hunt made the left turn.

16. Upon information and belief, Plaintiff's vehicle had the superior right of way to enter

2

the intersection before Defendant Hunt.

17. Defendant Hunt negligently failed to yield to Plaintiff's vehicle.

18. As a result of the collision, Plaintiff sustained personal injuries and damages.

## V. CAUSE OF ACTION NO. ONE - NEGLIGENCE

19. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

20. Defendants were negligent in the following particulars:

    (a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

    (b) Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

    (c) Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

    (d) Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

    (e) Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

    (f) Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

    (g) Failing to keep his vehicle under control, in violation of the common law of Arkansas;

    (h) Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

    (i) Driving too close to another vehicle, in violation of the common law of Arkansas; and,

    (j) Otherwise failing to exercise ordinary care under the circumstances.

## VI. CAUSE OF ACTION NO. TWO- RESPONDEAT SUPERIOR LIABILITY

21. All of the allegations previously plead herein are re-alleged as through stated word-for-word.

3

22. Defendant Stockstill is responsible and vicariously liable for the negligence of Defendant Hunt, its employee, under the legal doctrines of joint enterprise, *respondeat superior*, and principles of agency as adopted in Arkansas.

23. At the time of the incident, Defendant Hunt was in the course and scope of his employment or agency for Defendant Stockstill.

24. The negligence of Defendant Hunt is imputed to Defendant Stockstill.

## VII. PROXIMATE CAUSATION

25. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

26. The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## VIII. INJURIES AND COMPENSATORY DAMAGES

27. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

28. Plaintiff sustained personal injuries and damages as a result of the collision.

29. Plaintiff is entitled to the following damages:

   (a) the nature, extent, duration, and permanency of her injuries;

   (b) the full extent of the injuries she sustained;

   (c) the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

   (d) any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

   (e) the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and,

   (f) any visible results of her injuries.

30. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

4

### IX. DEMAND FOR JURY TRIAL

31. Plaintiff hereby demands a trial by jury.

### X. DEMAND & PRAYER

32. The Plaintiff demands judgment against Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

33. Plaintiff demands judgment against Defendants for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By: /s/ Jake M. Logan

Jake M. Logan (Ark. Bar No. 2016133)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
Telephone:  (501) 868-2500
Telefax:    (501) 868-2505